UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**RONNIE ANDREWS,** *et al.***,**         )
                                    )
        **Plaintiffs,**           )
                                    )
  **v.**                              )    Civil Action No. 11-1089 (ESH)
                                    )
**MV TRANSPORTATION, INC.,**        )
                                    )
        **Defendant.**            )
_____)

## MEMORANDUM OPINION

Before the Court is plaintiffs' Motion to Remand or in the Alternative to Stay Proceedings. (Mar. 22, 2013 [ECF No. 51].)

Given the procedural posture of this case, the Court has decided that the federal case should not proceed while the related case of *Andrews et al. v. MV Transportation et al.*, No. 11-8681, which is based on identical facts, is pending before the D.C. Superior Court. There are currently eight plaintiffs in this matter (one of whom is recently deceased), but roughly sixty plaintiffs in Superior Court. Moreover, discovery closed in this case on December 17, 2012, without the driver's deposition ever having been taken. Although discovery has also closed in the Superior Court case, plaintiffs there have filed a motion to extend discovery, through which they hope to obtain additional documents and depositions. The Court does not believe that the relatively small subset of plaintiffs involved in this matter should essentially take the lead so as to overshadow the pending suit in Superior Court. After indicating as much at a status conference held on April 11, 2013, the Court sought additional briefing from the parties on

1

whether the more appropriate course of action would be to remand this matter to the Superior Court to be merged with the matter pending there, or to simply stay the case before this Court until resolution of the Superior Court case.

Plaintiffs have asserted their willingness and intention to stipulate that no individual plaintiff's damages would exceed $75,000, thereby divesting this Court of diversity jurisdiction under 28 U.S.C. § 1332(a) and permitting remand under 28 U.S.C. § 1447(c). (*See* Reply to Defendant's Supplemental Response, Apr. 24, 2013 [ECF No. 56] ("Suppl. Reply") at 3-4.) Defendant insists that plaintiffs' counsel is not capable of binding all of the current plaintiffs to any such stipulation, and that a stay would therefore be the most appropriate course of action. (Defendant's Supplemental Response in Opposition to Plaintiffs' Motion, Apr. 19, 2013 [ECF No. 55].)

The Court agrees with defendant. Contrary to plaintiffs' assertions, it is unclear whether plaintiffs' counsel in fact has the authority to bind all the current plaintiffs to such a stipulation. Specifically, plaintiff Clarence Holbrook passed away sometime before December 9, 2012, and his counsel has informed the Court on multiple occasions that he has had no contact with Mr. Holbrook's estate. Plaintiffs' counsel is aware of Fed. R. Civ. P. 25, which states that if a party dies and a motion for substitution is not made "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). However, he misconstrues its language by suggesting that the 90-day window that triggers dismissal of Mr. Holbrook's claim has "already elapsed." (Suppl. Reply at 5.) While 90 days may have passed since Mr. Holbrook's death, neither party has served "a statement noting the death," as required by Rule 25, and thus, the 90-day window in fact has not yet been triggered. With Mr. Holbrook still a party to this litigation and his counsel having admitted his inability to

2

bind Mr. Holbrook or his estate to the stipulation (*see id.* at 4), the Court concludes that it cannot remand this entire case to the D.C. Superior Court.[1]

Accordingly, the Court will stay this matter pending resolution of the related Superior Court case, Civil Action No. 11-8681, and this case will be administratively closed during that time.  Defendant will not be able to raise any defense based on the statute of limitations attributable to the time during which this case is stayed.  Plaintiffs are instructed to notify the Court upon conclusion of the Superior Court case if they want to reopen this matter.  A separate Order accompanies this Memorandum Opinion.

                                                                                     /s/
                                                ELLEN SEGAL HUVELLE
                                                United States District Judge

Date:   April 30, 2013

---

[1] The Court is also cognizant of the fact that this Circuit has not yet opined on the continued viability of *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), which held that "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached," *id.* at 293, in light of the updated text of the remand statute, 28 U.S.C. § 1447(c), which now provides that a case must be remanded if "*at any time* before final judgment it appears that the district court lacks subject matter jurisdiction." § 1447(c) (emphasis added).