# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RONNIE ANDREWS, et al.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:11-cv-01089-ESH** |
| **MV TRANSPORTATION,** | |
| **Defendant.** | |

## MEMORANDUM OPINION

Plaintiffs Ronnie Andrews, Patricia James, Thomas James, Kelley Johnson, Clarence Holbrook, and Mario Bonds ("plaintiffs) bring this action against MV Transportation, Inc. ("defendant") alleging that they were exposed to tuberculosis by Henry Chase, a MetroAccess driver infected with the disease. (Amended Complaint, Jan. 3, 2012, ECF No. 29 ("Compl.") ¶ 5.) Before the Court is defendant's Amended Motion for Summary Judgment based on plaintiffs' failure to produce any material evidence showing that the driver was negligent.

## BACKGROUND

This case had been proceeding concurrently with a related matter before D.C. Superior Court, *McKissick et al. v. MV Transportation, Inc.* No. 11-8681, when this Court stayed the federal proceedings pending the resolution of *McKissick*. (Stay Order, April 30, 2013, ECF No. 58.) In consideration of the fact that there were only eight plaintiffs in this matter—compared to sixty in Superior Court—and discovery in the federal case was relatively immature by comparison, the Court felt that it would be inappropriate, at that time, for the smaller subset of

plaintiffs to "essentially take the lead so as to overshadow the pending suit in Superior Court" when the facts and claims were effectively identical. (Memo. Op., April 30, 2013, ECF No. 57.)

Judge Anita Josey-Herring of D.C. Superior Court entered summary judgment for defendant MV Transportation on the grounds that plaintiffs had failed to demonstrate that a dispute as to a material fact existed as to whether Mr. Chase ("driver") or MV Transportation had notice of any possible infection with tuberculosis. *McKissick, et al. v. MV Transportation, Inc.*, No. 11-8681 (D.C. Super. Ct. Dec. 2, 2013). Plaintiffs appealed, and the D.C. Court of Appeals affirmed. *McKissick et al. v. MV Transportation*, No. 13-cv-1506, 107 A.3d 1119 (D.C. Dec. 9, 2014). The appellate panel added that, apart from Mr. Chase's lack of actual or constructive knowledge of his condition, plaintiffs had also failed to demonstrate any evidence that Mr. Chase was actually infected with a serious disease while driving passengers. *Id.* at *2 ("[T]here is also no evidence that Mr. Chase actually had TB, or another serious communicable disease, during the relevant period. Indeed the only credible medical evidence in the record is that Mr. Chase was suffering from bronchitis during that period of time.").

Following the appellate decision, this Court lifted the stay on the federal case to consider this motion. In response, plaintiffs simply re-filed their Opposition pleading from D.C. Superior Court as an exhibit, providing no additional evidence to consider. For the reasons explained herein, this Court agrees with the analysis of the D.C. courts, and defendant's motion will be granted.

## ANALYSIS

### I.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a motion for summary judgment shall be granted if the pleadings, discovery, and any affidavits show that "there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). "A genuine issue of material fact exists if the evidence, viewed in a light most favorable

to the nonmoving party, could support a reasonable jury's verdict for the non-moving party."

*Brooks v. Grundmann*, 748 F.3d 1273, 1276 (D.C. Cir. 2014) (quoting *Hampton v. Vilsack*, 685

F.3d 1096, 1099 (D.C. Cir. 2012)) (internal citation marks omitted).  To defeat a summary

judgment motion, however, "the non-movant must do more than simply show that there is some

metaphysical doubt as to the material facts; [i]f the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted." *Gibbs v. Washington Metro. Area*

*Transit Auth.*, 48 F. Supp. 3d 110, 121 (D.D.C. 2014) (quoting *Anderson v. Liberty Lobby*, 477

U.S. 242, 249-250 (1986).

## II. NEGLIGENCE

In light of the fact that this issue is relatively straightforward, and has already benefitted

from well-reasoned judicial treatment, this opinion can be brief.  To establish negligence, "the

plaintiff has the burden of proving by a preponderance of the evidence the applicable standard of

care, a deviation from that standard by the defendant, and a causal relationship between the

deviation and the plaintiff's injury." *Varner v. Dist. of Columbia,* 891 A.2d 260, 265 (D.C.

2006).  Under principles of vicarious liability, an employer is held liable for the actionable

conduct of its employees performed in the scope of their employment.  Black's Law Dictionary

1055 (10th ed. 2014).

Plaintiffs allege that during 2008, Mr. Chase was actively displaying symptoms of

tuberculosis while driving MetroAccess routes. (Compl. ¶ 37.) Plaintiffs claim that Mr. Chase

was negligent in continuing to attend work when he knew or should have known that he was

seriously ill and posed a risk to MetroAccess passengers, and that MV Transportation is

vicariously liable for his negligence under the theory of *respondeat superior*. (Compl. ¶¶ 40, 42.) There is no factual dispute that Mr. Chase was not diagnosed with the disease until after he was no longer driving passengers. (Defendant's Amended Motion for Summary Judgment, March 27, 2013, ECF No. 52 ("Mot."), Ex. 4.) Plaintiffs' case instead rests upon the theory that, due to Mr. Chase's financial motivations to stay at work and "get paid," he misled his employer and doctors when he knew he was seriously ill, thereby avoiding a positive diagnosis whilst irresponsibly exposing others. (Plaintiff's Opposition to Defendant's Amended Motion for Summary Judgment, July 8, 2015, ECF No. 61 ("Opp'n"), Ex. 1, at 4.) Defendant, in turn, maintains that a claim of negligence based on exposure to an infectious disease requires a showing that the driver had actual or constructive knowledge of the presence of the disease, and that plaintiffs fail to make such a showing. The Court agrees with defendant.

To hold an individual negligent for transmitting an infectious disease, "it must be proved that the defendant knew of the presence of the disease." *See, e.g.*, *Earle v. Kuklo*, 98 A.2d 107, 109 (N.J. 1953) (collecting cases from New Hampshire, Wisconsin, Missouri, New York, Kansas, and Texas). Plaintiffs do not produce any evidence suggesting that Mr. Chase actually knew he had tuberculosis or any other serious, infectious illness that should have precluded him from going to work. Quite the opposite: the very same medical records relied upon by plaintiffs show that Mr. Chase sought medical care when he felt ill, was diagnosed with bronchitis on two separate occasions, and was repeatedly cleared to return to work after treatment. (Opp'n, Ex. 1, at 25, 26.) Plaintiffs place great emphasis on a piece of evidence showing that a doctor examined Mr. Chase on one occasion for a "respiratory condition" and advised him not to return to work until further evaluation. (Opp'n, Ex. 1, at 26.) First, there is no evidence that Mr. Chase ignored that advice, and second, such a diagnosis is plainly too vague to demonstrate the Mr.

Chase learned that he had contracted a condition as serious as tuberculosis or some other sickness that would risk passengers' health.

Plaintiffs further argue that a reasonable juror could infer from the fact that Mr. Chase was suffering from a persistent cough that he knew—or should have known—that such a cough was likely tuberculosis or an equivalently noxious disease. (Opp'n., Ex. 1, at 4-9.) Such an inference is unreasonable on its face, and especially incongruous when one considers the contrary medical advice from his healthcare provider, Dr. Hejl. A patient "who seek[s] medical care [is] not responsible for diagnosing their own condition, but must rely on the physician's expertise to determine the cause of the problem and provide treatment." *Hardi v. Mezzanotte*, 818 A.2d 974, 980 (D.C. 2003); *see also Morrison v. MacNamara*, 407 A.2d 555, 568 (D.C. 1979) (noting that "the nature of the physician-patient relationship… requires the patient to rely on the learning and judgment of the doctors").

Because there is no evidence that Mr. Chase had actual or constructive knowledge that he had contracted tuberculosis, plaintiffs argue that Mr. Chase had a history of failing to disclose unfavorable information, and had a financial motive for misleading his doctors as to the severity of his illness. (Opp'n, Ex. 1, at 29.) In plaintiffs' view, a jury should be entitled to weigh the possibility that Mr. Chase effectively self-diagnosed the seriousness of his illness, knew that he was likely infected, and lied to his doctors in order to stay on the job. (Opp'n, Ex. 1, at 23.) Summary judgment requires this Court to draw all possible inferences in favor of the plaintiffs; it does not require it to treat bare speculation as circumstantial evidence. Absent any independent evidence to corroborate such a theory, it is insufficient grounds for defeating a motion for summary judgment.

## CONCLUSION

Because plaintiffs have presented no colorable evidence that Mr. Chase knew or should have known that he was infected with a communicable disease, no reasonable juror could find him guilty of negligence. Defendant's motion for summary judgment is granted.[1]


/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge


Date:   September 1, 2015

---

[1] This Court has no occasion to reach the question of whether Mr. Chase actually had tuberculosis at the time he was at work, given plaintiffs' inability to marshal any evidence of negligence. It is well established that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Mosby-Nickens v. Howard Univ.*, 864 F. Supp. 2d 93, 97 (D.D.C. 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). There is no basis, however, to disagree with the D.C. Court of Appeals' finding that plaintiffs presented no material evidence of infection during the relevant time period.